# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| V. | ) CASE NO: 2:06-CR-172-WHA-CSC |
| | ) |
| BOBBY JOE SALES | ) |

## MOTION TO BE CONSIDERED IN FEDERAL CUSTODY
## and CITATIONS OF AUTHORITY

**COMES NOW** the Defendant, Bobby Joe Sales ("Mr. Sales"), by undersigned counsel, Christine A. Freeman, and respectfully requests that this Court enter an Order detaining Mr. Sales in federal custody, pursuant to 18 U.S.C. §§ 3141, 3142, and that such custody be considered in effect from July 13, 2006.

In further support of this motion, the Defendant would show the following:

1.　　The Indictment on this case was filed on July 11, 2006 and charges offenses as occurring on September 21, 2005 and May 18, 2006.

2.　　Due to events which occurred on May 18, 2006, Mr. Sales was arrested by Troy law enforcement officers on that day and placed in the custody of the Pike County Jail.

3.　　According to the Docket of this case, on July 13, 2006, the "Case [was] unsealed as to Bobby Joe Sales pursuant to notice of detainer placed with Pike Co. Jail on defendant. (ws, ) (Entered: 07/13/2006)."

4.　　Also according to the Docket, on July 25, 2006, the government filed a motion for a writ of habeas corpus *ad prosequendum* for Mr. Sales(doc. 4), which was granted by an Order issued on July 26, 2006 (doc. 5).

5. The Order issued on July 26, 2006 directed the U.S. Marshal "to bring said defendant before this court on 8/30/06 at 10:00 a.m. and to return said defendant to said official when the court shall have finished with him."

6. On August 25, 2006, Mr. Sales entered the Montgomery City Jail as a federal pretrial detainee, according to Montgomery City Jail records.

7. On August 30, 2006, Mr. Sales had an initial appearance before this Court on this Indictment. No order of release was entered at that time.

8. Mr. Sales has remained in the constructive possession of the U.S. Marshal since July 13, 2006 and in the actual physical custody of the U.S. Marshal since August 25, 2006.

9. On March 8, 2007, Mr. Sales entered a guilty plea to Counts 1 and 2 of the Indictment (doc. 35).

10. Mr. Sales' sentencing has been scheduled for May 21, 2007 (doc. 36).

11. Mr. Sales' prior residence in the custody of the Pike County Jail was pursuant to pending state charges, related to the facts of this Indictment, and not in service of any imposed sentence. Thus, the terms and conditions of the Interstate Detainer Agreement are not applicable to this matter.[1]

---

[1] *United States v. Forrest*, 402 F.3d 678, 685 (6th Cir. 2005) ("By its terms, the Agreement applies only to persons who have 'entered upon a term of imprisonment in a penal or correctional institution of a party State," citing 18 U.S.C. App. 2, § 2, art. III(a)); *Headrick v. State of Alabama*, 816 So.2d 517, 524 (Ala Crim. App. 2001) (federal prisoner in the "temporary custody of the United States Marshal, pending his commitment into the custody of the United States Bureau of Prisons" was not in an "institution" serving a sentence, within the meaning of the IAD,

12. Where the period of time a defendant is in federal physical custody pursuant to a writ of habeas corpus *ad prosequendum* is extensive, the custody has become "federal." In *Brown v. Perrill*, 28 F.3d 1073 (10th Cir. 1994), the Tenth Circuit held that a petitioner's physical custody in the control of federal authorities pursuant to a writ of habeas corpus *ad prosequendum* for a 19-months duration transmuted into federal custody for the purpose of credit against the resulting federal sentence. 28 F.3d at 1075. The Tenth Circuit was "unwilling to infer that a federal detention and control pursuant to a writ of habeas corpus *ad prosequendum* may last for such an extended period .... absent a clear directive from the state authorities." Id. See also *Tighe v. Booker*, 1997 WL 589190 (C.A.10 (Colo.)), 124 F.3d 317 (10th Cir. 197) (table) ("In light of the length of petitioner's federal detention awaiting the disposition of the federal charges, the district court did not err in determining that time was time spent "in custody in connection" with those federal charges such that petitioner was entitled to credit for that period of time against his resulting federal sentence.")[2]

13. In the present case, Mr. Sales has been in the control of the U.S. Marshal since the detainer was lodged on July 13, 2006, nine months ago, and in the actual physical custody of the U.S. Marshal since he was brought to the City Jail on August 25, 2006, seven and a half months ago. He will not be released before May 21, 2007, which is the first setting of

---

thus informal faxed request sent by county sheriff to U.S. Marshal was not a "detainer").

[2]But see *Rios v. Wiley*, 29 F.Supp. 2d 232 (M.D. Pa. 1998), mot. for reconsid. denied, 34 F.Supp.2d 265 (M.D. Pa. 1999), aff'd on other grounds, 201 F.3d 257 (3rd Cir. 2000) (rejecting rationale of *Brown v. Perrill*.

his sentencing date.

14.   Under the circumstances of this case, Mr. Sales' time in federal custody has become "extensive" and should be considered federal custody, credited to the sentence which he will receive on the instant Indictment.

**WHEREFORE**, the defendant respectfully prays that this Motion be granted.

Respectfully submitted,

**s/Christine A. Freeman**
**CHRISTINE A. FREEMAN**
**TN BAR NO.: 11892**
Attorney for Bobby Sales
Federal Defenders
Middle District of Alabama
201 Monroe Street, Suite 407
Montgomery, AL 36104
TEL:  (334) 834-2099
FAX:  (334) 834-0353
E-Mail: Christine_Freeman@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Susan Redmond, Esq., Assistant United States Attorney, One Court Square, Montgomery, AL 36104.

**s/Christine A. Freeman**
**CHRISTINE A. FREEMAN**
**TN BAR NO.: 11892**
Attorney for Bobby Joe Sales
Federal Defenders
Middle District of Alabama
201 Monroe Street, Suite 407
Montgomery, AL 36104
TEL:  (334) 834-2099