IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | 2:06-CR-172-WHA |
| BOBBY JOE SALES | ) | |

## RESPONSE TO SHOW CAUSE ORDER

**COMES NOW** the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and files its response to the Court's Show Cause Order of May 15, 2007, as follows:

1.   The Defendant filed a Motion to be Considered in Federal Custody on or about April 4, 2007, which requests enter an Order Detaining the defendant in federal custody pursuant to Title 18, United States Code, Sections 3141 and 3142 .

2.   In support of his Motion, the Defendant argues that he has been in the control of the United States Marshall since July 13, 2006, when a detainer was lodged; that he has been in the physical custody of the United States Marshall since August 25, 2006; that he was in the custody of the Pike County, Alabama jail pursuant to pending state charges related to the facts of the federal indictment; that no release order was issued when he appeared before the Court on August 30, 2006; and, that because his time in federal custody has become "extensive" under the rational of Brown v. Perrill, 28 F.3d 1073 (10th Cir. 1994), the Court should consider him to be in federal custody, and credit the time he has been in such "custody" (since July 13, 2006 according to the defendant) when sentencing him.

**History**

3.      On May 18, 2006, the Defendant was arrested on a charge of Robbery 1st Degree by the State of Alabama, and bond was set at $100,000.(Gov's Ex. 1.)

4.      The Indictment in this case was returned by a Federal Grand Jury on July 11, 2006. The Indictment charged Defendant with being a felon in possession on a firearm in the Middle District of Alabama on or about September 21, 2005 and May 18, 2006, and knowingly possessing a firearm in the Middle District of Alabama while being an unlawful user of and addicted to a controlled substance, in violation of Title 18, USC 922(g)(1) and (g)(3).

5.      On July 13, 2006, the United States Marshall for the Middle District of Alabama placed a "Detainer Against Unsentenced Prisoner" with the Pike County Jail, Troy, Alabama, where the Defendant was being held on charges of Robbery 1st Degree, after not being able to make bond.(Gov's Ex. 2.)

6.      On July 25, 2006, the undersigned AUSA filed a Petition for Writ of Habeas Corpus ad Prosequendum which was granted by Order of the Court on July 26, 2006.

7.      On August 25, 2006, the Defendant was temporarily transferred to the custody of the United States Marshal at the Montgomery City Jail.

8.      On August 30, 2006, the Defendant appeared before the Court for Initial Appearance and Arraignment. No Motion to Detain was filed by the United States nor oral request made to detain the Defendant. He was not remanded to the custody of the United States Marshall or to the Attorney General of the United States.

9.      On or about October 25, 2006, the State of Alabama, Pike County, returned an Indictment against the Defendant for Robbery 1st Degree and set bond at

$100,000.00.(Gov's Ex. 3.)

**Law**

10. Title 18, United States Code, Section 3141, gives the Court the authority to determine and order that a person arrested and brought before the Court be released or detained.

11. Title 18, United States Code, Section 3142, mandates that, upon the appearance of a person charged with an offense, the Court issue an order, that pending trial, that person be detained, detained temporarily, release on personal recognizance or released on specified conditions.

12. Article V of The Interstate Agreement on Detainers states that:

(a) In response to a request made under article III or Article IV hereof, the appropriate authority in a sending state shall offer to deliver temporary custody of such prisoner to the appropriate authority in the State where such indictment, information, or complaint is pending against such person in order that speedy and efficient prosecution may be had., and,

(e) At the earliest practicable time consonant with the purposes of this agreement, the prisoner shall be returned to the sending state.

(g) For all purposes other than that for which temporary custody as provided in this agreement is exercised, the prisoner shall be deemed to remain in the custody of and subject to the jurisdiction of the sending state...

13. Article II of The Interstate Agreement on Detainers states:

(b) Sending State shall mean a State in which a prisoner is incarcerated at the time... that a request for custody or availability is initiated pursuant to Article IV hereof.

(c) Receiving States shall mean the State in which trial is to be had on an indictment, information, or complaint pursuant to Article III or Article IV hereof.

14. Title 18, USC, Section 3585(b) states that a defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention

prior to the date the sentence commences -- (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

15. Reno v. Koray, 515 U.S. 50, 115 S.Ct. 2021 (1995) interprets "official detention" pursuant to Title 18, USC 3585(b) to mean time spent under a § 3142 "detention order" where one is detained in a penal or correctional facility and subject to control of the Bureau of Prisons.

**Argument**

16. The Interstate Agreement on Detainers clearly establishes that the Defendant, who was received by the federal government pursuant to a detainer placed with the State of Alabama, pursuant to The Interstate Agreement on Detainers, is considered to be in the custody of the sending state. Therefore, at no time, from the date the detainer was placed and continuing, has the defendant been deemed to be in the primary custody of the Middle District of Alabama or the federal government, generally.

17. Because the defendant has never been in the primary custody of the United States, the issue of federal detention was and is moot, therefore, no order of detention could or can issue.

18. Because no order of detention could or can be issued, the defendant is not, pursuant to Reno, in official detention and the BOP cannot, therefore, give him credit for the time he has been in the custody of the State of Alabama unless or until, the State of Alabama tries and convicts him and refuses to credit the time he has been in their custody, pursuant to Title 18, USC 3585(b)(2). If, at that point, the defendant has exhausted the

proper administrative resources, he may petition the Court.

19. The United States takes the position that as the defendant was received from the State of Alabama pursuant to a writ, the Court has no authority to now issue a detention motion and find that he is entitled to credit for time in custody.

20. The government would request that it be permitted to supplement this response should the Court determine that it has not fully met its burden.

Respectfully submitted, this the 18th day of May, 2007.

                LEURA G. CANARY
                UNITED STATES ATTORNEY

                /s/ Susan Redmond
                SUSAN REDMOND
                Assistant United States Attorney
                Post Office Box 197
                Montgomery, Alabama 36101-0197
                (334) 223-7280
                (334) 223-7135 fax
                susan.redmond@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | CRIMINAL NO. 2:06-CR-172-WHA |
| **BOBBY JOE SALES** | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Christine Freeman.

    Respectfully submitted,

    LEURA G. CANARY
    UNITED STATES ATTORNEY

    /s/ Susan Redmond
    SUSAN REDMOND
    Assistant United States Attorney
    Post Office Box 197
    Montgomery, Alabama 36101-0197
    (334) 223-7280
    (334) 223-7135 fax
    susan.redmond@usdoj.gov