IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.      ) | CR. NO. 2:06cr172-WHA |
| ) | |
| BOBBY JOE SALES    ) | |

### AMENDED PRELIMINARY ORDER OF FORFEITURE

This Court entered a Preliminary Order of Forfeiture on May 21, 2007, ordering defendant Bobby Joe Sales to forfeit his interest in the following firearms to the United States:

> One Rossi, Model M68, .38 caliber revolver, serial number D968735;
>
> One Colt, Rimless, smokeless, .32 caliber handgun, serial number 125765; and,
>
> One Hi-Point, Model JHP, .45 caliber handgun, serial number X4404412.

On June 8, 2007, the United States filed a motion to correct stating as grounds that the Colt handgun was improperly included in the forfeiture allegation and the preliminary order of forfeiture.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.   The Court has determined that the following property is subject to forfeiture pursuant to Title 18, United States Code, Section 924 and Title 28, United States Code, Section 2461(c); that the defendant had an interest in such property; and, that the United States has established the requisite nexus between such property and such offense:

    One Rossi, Model M68, .38 caliber revolver, serial number D968735;

    One Hi-Point, Model JHP, .45 caliber handgun, serial number X4404412.

2. Upon the entry of this Order, the United States Attorney General is authorized to seize the above-listed property and conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3).

3. Upon entry of this Order, the United States Attorney General is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

4. The United States shall publish notice of the Order and its intent to dispose of the property in such a manner as the United States Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject property.

5. Any person, other than the above named defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property, and for an amendment of the Order of Forfeiture, pursuant to Title 28, United States Code, Section 2461(c) which incorporates Title 21, United States Code, Section

853(n)(6).

6. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the oral pronouncement of sentence and included in the written judgment in a criminal case. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

7. Any petition filed by a third party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the subject property, and any additional facts supporting the petitioner's claim and the relief sought.

8. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

9. The United States shall have clear title to the subject property following the Court's disposition of all third-party interests, or, if no such petitions are filed, following the expiration of the period provided in Title 21, United States Code,

Section 853(n)(2), which is incorporated by Title 28, United States Code, Section 2461(c), for the filing of third party petitions.

10. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary pursuant to Fed. R. Crim. P. 32.2(e).

11. IT IS FURTHER ORDERED that the Clerk of the Court shall forward two certified copies of this Order to the United States Attorney's Office.

SO ORDERED this the 13th day of June, 2007.

_____
UNITED STATES DISTRICT JUDGE