IN THE U.S. DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED

08 APR 10 P 2:00

| | | |
|---|---|---|
| Bobby Joe Sales | ) | |
| Vs. | ) | USMS #12024-02 |
| U.S. of Amerrica | ) | CR#; 06-172-WHA |
| | ) | |

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## MOTION FOR ORDER OF CUSTODY CHANGE

**Come Now,** the petitioner, (pro., se.,) as a federal convicted prisoner of the United States, by the Middle District Court of Alabama, on May 25, 2007. A "Detainer" was filed to the (subject) "Bobby Joe Sales" by U.S. Marshal; Jesse Seroyer Jr.,. "This judgment and commitment Order" was to be "returned" to the office of the United States Marshal to the "Criminal Program Specialist" Debi Brewer by so, advising this office as soon a possible of any transfer of the subject.

## STATEMENT OF CASE

The petitioner, which is also the subject, contends that he was sentence to "one hundred and nunety two (192) months" (BOP) on May 25, 2007, there-after he was transfered to (Pike County, Alabama Circuit Court) for a State conviction of (20 years), which was to **run concurrent with "any" sentence already imposed on federal charges.** This court gave a "voluntary sentencing standard" of sentence range of (120) to (180) months which is last then the federal sentence which was imposed prior to the states sentence of case **CC-2007-K-207** on 11-6-07.

## STATEMENT OF FACTS

The subject contends that, the **Circuit Court of Pike County**, did sentence him to (20 years). He also finds that the same Court agreed that the **sentence imposed**

shall and is to **run concurrent with any federal term**, that he was already serving,, and for him to pay $50.00 dollar to the "**crime victim's compensation commission**" and he would be required to reimburse the state of Alabama for indigent attorney's fees. He was to get credit for time spent in custody while awaiting trial/ disposition in this case; **CC07-K-07.**

### ARGUMENTS OF CASE

The petitioner finds that **Pike County Circuit Court, has failed to render custody fo this federal subject to the federal marshal's office**, after sentence of state sharges. Based on the federal judgment and commitment detainer sheet, it clearly states that "**if the subject is transferred from your custody to another detention facility, it is requested of that Court to forward the federal detainer to said facility at the time of transfer and advise this office as soon as possible.**

The petitioner argues that the time he is now serving in Alabama state, A.D.O.C. may not be credited to his federal term. due to him being in **state custody instead of federal custody.**

The petitioner has advised the A.D.O.C., of his federal conviction and of the cuncurrent state sentence. He contends that he should and wish to be in federal custody.

### ARUGEMENT OF CASE

The petitioner also feels that the state court was without jurisdiction to take him into state custody prior to contacting the federal marshal's office as the criminal program specialist thereof.

The state court had **no** good cause **showing** to make **a transfer** of the federal subject to state custody without first contacting a federal marshal's office giving **notification** of such change of custody and of the transfer of an federal subject to state penitentiary when the court of sentencing was well awhere of the order of

judgment and commitment from the Middle District of Alabama U.S. District Court.

## CONCLUSION

Where upon this petition and of the "settlement agreement" of **Pike County Circuit Court on Case CC07-K-207.** It was a known fact that the subject was and is in the custody of the federal marshal of the Middle District of Alabama. He wish to be placed into federal custody to begain his federal term, and pray that the U.S. District Court grant him the time spent in jail in State custody due to the State sentence is to run concurrent with the federal term.

The petitioner firmly believe he should be in federal custody not state custody. He now request to this court (U.S. Middle District) District Court to order a transfer to federal custody and to advise the State of Alabama of this request.

Respectfully Submitted,

*Bobby Sales*
Bobby Joe Sales, #
Ventress Correctional Facility
P.O. Box 767
Clayton, Al   36016

## CERTIFICATE OF SERVICE

I, Bobby Joe Sales, do hereby certify that the foregoing is true and correct to the best of my knowledge, and a copy has been sent to the U.S. Middle District Court of the United State, postage fully prepaid by me and put forth in the United State Mail here at Ventress Correctional Facility on the _____ day of _____ 2008.

## NOTARY BLOCK

STATE OF ALABAMA

COUNTY OF BARBOUR

SUBSCRIBED AND SWORN TO BEFORE ME THIS

20th day of March 2008.

*Carolyn R. Abercrombie*
NOTARY PUBLIC

My Commission Expires 08/08/2011
COMM., EXP., DATE

STATE OF ALABAMA,     *     IN THE _Circuit_ COURT OF
PLAINTIFF     *     _Pike_ COUNTY, ALABAMA
VS.     *     _____ DIVISION
_Bobby Joe Sales_     *    
DEFENDANT     *     CASE NO. _CC07-K-207_

## SETTLEMENT AGREEMENT

After discussion and negotiation between counsel for the defendant, defendant and the prosecution, it is agreed, subject to acceptance by the Court that:

1. The defendant will enter a plea of guilty to the charge(s) of _Robbery 3rd (reduced from Robbery 1st)_

2. The prosecutor will recommend, and defendant agrees to accept a sentence of: _20 years Concurrent with Fed. time_

_____ $ Demand Reduction Assessment, $_____ Dept. Forensic Science Fine, _____ months loss of driver's license, _____ CRO/SAP, $_____ FINE.

3. Whether sentence is Suspended? Split? Probation? _____

4. If probation is part of the agreement, Defendant will carry out all GENERAL conditions of probation. As a SPECIAL condition of probation, Defendant will pay court ordered monies at the rate of $_____ per _____ until court ordered monies are paid in full.

5. Defendant will pay RESTITUTION in the amount of $_N/A_ to the Clerk of Court for distribution to: _____

6. Defendant shall be ordered: to pay COSTS of court in each case; an assessment to the Crime Victim's Compensation Commission of $_50_ AND defendant ☑ will ☐ will not be required to reimburse the State of Alabama for indigent attorney's fees.

7. Defendant affirmatively states Defendant reserves no issues for appeal. As a basis of this Settlement Agreement, Defendant waives/gives up any right of appeal in the above styled. Defendant acknowledges he is aware he has a right to demand a Pre-Sentence Report before Sentencing. Defendant expressly waives/gives up his right to demand a Pre-Sentence Report of Investigation before sentencing.

8. Defendant shall receive credit for time spent in custody while awaiting trial and/or disposition in this/these case(s).

9. No other terms or conditions related to judgment and sentence in this/these case(s) are agreed on or contemplated by the defendant or the prosecutor. The parties stipulate Defendant has _2_ proper, prior felony convictions which are to be used for enhancement of sentence.

_Bobby Sales_ 10-30-2007
Signature of Defendant

_____ 10-30-2007
Signature of Defendant's Counsel

_____
Signature of Prosecutor

Having reviewed the settlement agreement entered into by the defendant and the prosecutor, the Court hereby:
☑ Accepts the Settlement Agreement and incorporates same in the judgment and sentence.
☐ Rejects the Settlement Agreement and modifies the terms as follows: _____

_10-31-07_            _____
Date            Judge

Department of Justice
United States Marshals Service
One Church Street, Suite A-100
Montgomery, AL 36104

Phone: (334) 223-7728
Fax (334) 223-7726



# DETAINER
## BASED ON FEDERAL JUDGMENT AND COMMITMENT

UNITED STATES MARSHAL
MIDDLE DISTRICT OF ALABAMA

TO: Pike County Jail
    120 Church Street
    Troy, AL 36081
    (334)566-4347 FAX: (334) 807-0555

DATE: May 25, 2007
SUBJECT: SALES, Bobby Joe
AKA: None Known    B/M
DOB/SSN:
USMS#: 12024-002
CR #: 06-172-WHA

    Please accept this Detainer against the above-named subject who is currently in your custody. The United States District Court for the Middle District of Alabama has issued **Judgment and Commitment Order** against the subject. The **Judgment and Commitment Order** commits the subject to the custody of the U.S. Attorney General to serve the following sentence of imprisonment: **ONE HUNDRED NINETY TWO (192) MONTHS BOP.**

    Prior to the subject's release from your custody, please notify this office at once so that we may assume custody of the subject for service of his Federal sentence of imprisonment. If the subject is transferred from your custody to another detention facility, we request that you forward our Detainer to said facility at the time of transfer and advise this office as soon as possible. The notice and speedy trial requirements of the Interstate Agreement on Detainers Act do **NOT** apply to this Detainer.

    Please acknowledge receipt of this Detainer. In addition, please provide one copy of the Detainer to the subject and return one copy of the Detainer to this office in the enclosed self-addressed envelope.

Very truly yours,

JESSE SEROYER, JR.
UNITED STATES MARSHAL

By: Debi Brewer
    Criminal Program Specialist

**RECEIPT**

Date:

Signed:

By:

Title:

Form USM-16b
Est. 11/98

PRIOR EDITIONS ARE OBSOLETE AND NOT TO BE USED